**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

KENNY COFFEY,
ADC #86434                                                                           PLAINTIFF

5:11-cv-00086-DPM-JTK

RAY HOBBS, et al.                                                                    DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D. P. Marshall Jr.   Any party may serve and file written objections to this recommendation.   Objections should be specific and should include the factual or legal basis for the objection.   If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.   An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.   Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The detail of any testimony desired to be introduced at the

1

hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## **DISPOSITION**

### I.    **Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 45).  Plaintiff filed a Response in opposition to the Motion (Doc. No. 48).

Plaintiff Kenny Coffey is a state inmate incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction (ADC).   He filed this action against Defendants pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to his serious medical needs in violation of his Eighth Amendment right.  Defendant Hobbs was dismissed by Order dated June 20, 2011 (Doc. No. 16).  The remaining Defendants are Correctional Medical Services, Inc. (CMS) and Deborah York, CMS Director of Nurses.  Plaintiff asks for monetary relief from the Defendants.

According to his Complaint, Plaintiff was injured at the Diagnostic Unit on December 10, 2008, when his right arm was caught in a self-closing metal door.  He was taken to the infirmary and his arm was x-rayed.  Defendant York treated Plaintiff for a broken elbow and placed a cast on his arm.   Ten weeks after the incident, following complaints from the Plaintiff, Defendant York

contacted an orthopedic surgeon (Dr. Lytle), who advised her to remove the cast from Plaintiff's arm.  Plaintiff was unable to use his arm at that time, due to a huge knot on his elbow, caused by a calcium deposit.  Dr. Lytle told Plaintiff Defendant York kept the cast on his arm too long, and should have removed it after four weeks.   Plaintiff then underwent surgery to remove the calcium deposit, and five weeks later a second cast was removed from his arm.

Plaintiff alleges Defendant York was deliberately indifferent to his serious medical needs by not calling a doctor to treat Plaintiff's elbow immediately after the injury, and by keeping the first cast on his arm for ten weeks.  He claims Defendant York knew she was not qualified to diagnose or treat his injury and thus caused him severe pain.  He also claims Defendant CMS should have known that Defendant York was not qualified to diagnose and treat his injury and that Plaintiff should have seen a surgeon from the outset of his injury.

## II.      Summary Judgment Motion

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'"  Webb, 144 F.3d at 1135, quoting

Celotex, 477 U.S. at 324.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

A.     **Defendants' Motion**

In support of their Motion, Defendants state that Plaintiff's Complaint should be dismissed for failure to exhaust his administrative remedies, as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the ADC grievance procedure, Administrative Directive (AD) 09-01. (Doc. No. 47-1, p. 2.)    The PLRA mandates complete exhaustion of administrative remedies prior to filing a lawsuit pursuant to 42 U.S.C. § 1983.  Booth v. Churner, 532 U.S. 731, 741 (2001), and Johnson v. Jones, 340 F.3d 624, 627-8 (8th Cir. 2003).  In addition, Defendants cite Woodford v. Ngo, 548 U.S. 81, 92 (2006), where the Court held that technical compliance with all administrative requirements for exhaustion is mandatory, and that an inmate must properly exhaust by complying with all the agency's deadlines and procedural rules.

According to the ADC grievance procedure, a grievance form should be submitted within fifteen days of the occurrence of the incident, and the inmate's complaint should be specific as to the personnel involved.  (AD 09-01.IV.C.4 and IV.E.1, Doc. No. 47-1, pp. 5-6.)   The procedure consists of an informal step, followed by a formal step.  (AD 09-01.IV.E and IV.F, Doc. No. 47-1, pp. 6-9.)  If an inmate files a grievance concerning a medical issue, the grievance is forwarded to medical personnel for a response, and if the inmate is not satisfied with the medical response, he can appeal to the Deputy Director of Health and Correction Programs.  (AD 09-01.IV.F.5 and IV.G, Doc. No.  47-1, pp. 10-11).

Defendants present the Affidavit of Sherrie Williams, a medical grievance investigator for ADC Deputy Director Wendy Kelley, who states that Plaintiff appealed two grievances concerning this issue, DU-09-00214 and DU-09-00215, during the time period of December 2008 through June 2010, while incarcerated at the Diagnostic Unit.[1] (Doc. No. 47-1, p. 1.)  In grievance DU-09-00214, which was filed a year after the incident, Plaintiff complained that his elbow was kept in a cast too long.  (Doc. No.  47-1, p. 21.)   Plaintiff did not name either of the Defendants in this grievance.  In grievance DU-09-00215, Plaintiff complained  about medication unrelated to the allegations in his Complaint. (Doc. No. 47-1, p. 25.)

Defendants state Plaintiff failed to exhaust his administrative remedies with respect to the first grievance, DU-09-00214, because he did not name either of the Defendants in the grievance, as required by the ADC policy.  They continue that Plaintiff failed to exhaust because he did not file the grievance within the time period set forth in the procedure, and because the grievance was denied on that basis.

In the alternative, Defendants ask that Plaintiff's allegations against Defendant CMS be dismissed because he is suing the corporation based on its supervisory liability.  An entity can not be held liable solely on the actions or inactions of its employees, and can only be held liable if it established or implemented an unconstitutional policy or custom which caused the constitutional violation.  Monell v. Dep't of Social Services, 436 U.S. 658, 692 (1978), and Bolin v. Black, 875 F.2d 1343, 1347 (8th Cir. 1989).  In this case, however, Defendants state Plaintiff does not allege that an unconstitutional policy or custom of Defendant CMS caused his alleged injury; rather, he appears to claim CMS is liable because it employed Defendant York.

---

[1]Plaintiff transferred to the East Arkansas Regional Unit in June, 2010. Id.

### B.    Plaintiff's Response

Plaintiff claims that he did exhaust his administrative remedies by filing a grievance on February 14, 2011, and exhausting it through the final stage of the procedure.  (Doc. No. 48, pp. 5-8.) He states Defendants failed to mention this grievance in their Motion and objects to the affidavit presented by Sherrie Williams, stating she lacks personal knowledge of the case and is not competent to testify.   Plaintiff also states numerous disputed issues of material fact remain unresolved concerning the improper medical care and treatment he received by Defendants, rendering summary judgment improper.

### C.    Analysis

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), held unconstitutional as applied on other grounds in Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D.Mich. 2006).   The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.   In Booth v. Churner, 532 U.S. at 741, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."   In addition, the United States Court of Appeals held, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'"   Chelette v. Harris, 229 F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir.

2000).   In <u>Johnson v. Jones</u>, 340 F.3d at 627, the Court held that "[u]nder the plain language of

section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal

court....If exhaustion was not completed at the time of filing, dismissal is mandatory." (Emphasis

in original.)   Finally, in <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007), the United States Supreme Court

held that while the PLRA itself does not require that all defendants be specifically named in an

administrative grievance, "it is the prison's requirements, and not the PLRA, that define the

boundaries of proper exhaustion."

　　　　　In grievance DU 09-00214, filed December 2, 2009, Plaintiff complained as follows:

> In Dec of 2008 I broke my elbow.  It was incorrectly set and put into a cast by an
> unquailifed personel (sic). I wore the cast 101/2 weeks and a big knot came up on my
> elbow, a calcium depoiset (sic).  Dr. Lytle saw me and informed me that the elbow
> was improperly set and that the cast should have been on at a maximum of 4 weeks
> not 101/2 like I was incorrectly forced to endure.  In May my elbow was operated on
> I still to this day am in extreme pain and cant use my right arm as I used to for the
> pain I therefore am seeking redress and legal action for my pain and suffering for
> negligence by CMS staff.  I must file and followed the grievance procedure first so
> that I can file 1983 forms.

(Doc. No. 47-1, p. 21.)  Plaintiff received a response to this grievance on January 8, 2010, which

outlined the care and treatment Plaintiff received and noted that Plaintiff did not file a sick call form

complaining about problems with his elbow during the entire year.  (<u>Id</u>. at p. 22.)  The decision of

Deputy Director Kelley in response to Plaintiff's appeal notes that Plaintiff's grievance was untimely

filed, and found the "untimely grievance and appeal are without merit." (<u>Id</u>. at p. 24.)

　　　　　The grievance Plaintiff referred to in his Response, EAM 11-00764, was filed on February

14, 2011.  (Doc. No. 48, p. 5.) In this grievance, Plaintiff named Defendant York and CMS in the

body of his complaint. (<u>Id</u>.)  The response to the grievance by the health services administrator noted

that the grievance had "no merit because it is out of time frame and no emergency is noted."  (<u>Id</u>

7

at p. 7.)   In response to his appeal, Deputy Director Kelley stated the grievance was found without merit because it was not submitted within the allotted time frame, citing the grievance procedure which requires that the unit level grievance form should be filed within 15 days after the occurrence of the incident.  (Id. at p. 8.)   Kelley concluded by stating that "you failed to follow policy; therefore, your appeal is denied."  (Id.)

The Court finds that Plaintiff failed to exhaust his administrative remedies when filing the first grievance, DU 09-00214, because Plaintiff failed to identify both of the Defendants as responsible for his alleged injuries.  The ADC grievance policy clearly requires that grievances "specifically name each individual involved for a proper investigation and response to be completed by ADC.  Inmates must fully exhaust the grievance prior to filing a lawsuit.  Inmates who fail to name all parties during the grievance process may have their lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties."  (AD 09-01.IV.C.4, Doc. No. 47-1, p. 5.) Although Plaintiff complained in his grievance that "CMS staff" were negligent, this is insufficient to identify Defendant York or Defendant CMS as required by the ADC policy.   The Court also notes that Plaintiff's grievance ultimately was denied as untimely, also for failure to comply with the ADC policy.

Plaintiff also failed to exhaust his administrative remedies with respect to the second grievance he filed, EAM 11-00764.  Although Plaintiff did name both Defendants in that grievance, and exhausted it to the final stage of the process, his grievance was denied as untimely, because it was filed more than a year after the occurrence.  In Woodford, the Court stated that "[p]roper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure

on the course of its proceedings." 548 U.S. at 90.  In that case, an inmate's grievance and his appeal were dismissed as untimely filed.  The United States Supreme Court held that the PLRA requires "proper exhaustion," meaning that inmates must follow the prison procedural rules when completing the grievance procedure, as a precondition to filing suit in federal court.  Id. at 87-88, 93.  See also Wewerka v. Roper, No. 4:09cv1973 CDP, 2010 WL 4628093 p. 4 (E.D.Mo.)    Similarly, in this case, Plaintiff's failure to comply with the ADC procedural requirement by filing his grievance more than fifteen days after the occurrence, renders his grievance unexhausted within the meaning of the PLRA.

In Johnson v. Jones, the Court clearly stated that dismissal of an action is mandatory once it is determined that exhaustion was not completed at the time the lawsuit was filed.  340 F.3d at 627.  See also Lyon v. Vande Krol, 305 F.3d 806, 807, 809 (8th Cir. 2002) (en banc).    Therefore, at this juncture, the appropriate procedure is to dismiss Plaintiff's Complaint without prejudice, without further comment on the merits of his claim.  However, this Court finds need to deviate somewhat from this directive to address a possible objection to its conclusion, above, that Plaintiff failed to exhaust his administrative remedies as to Defendant CMS.  In grievance DU 09-00214, Plaintiff refers to "CMS staff" as responsible for his improper treatment.  To the extent that a court considers this reference sufficient to identify Defendant CMS, then Plaintiff may have exhausted his administrative remedies with respect to CMS.  Although the grievance ultimately was denied also as untimely, the medical response and the Deputy Director's response also addressed the merits of Plaintiff's complaint.  If he exhausted as to Defendant CMS, however, the Court finds that the allegations of his Complaint are insufficient to support a claim against CMS because he does not allege his treatment was the result of an unconstitutional CMS policy or procedure.  Therefore,

Plaintiff's allegation against CMS is based on respondeat superior liability, which is not a cognizable claim in this § 1983 action.  Sanders v. Sears, Roebuck & Co., 984 F.2d 972, 975-6 (8th Cir. 1993).

## III.  Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No. 45) be GRANTED and that Plaintiff's Complaint against Defendants be DISMISSED without prejudice.

IT IS SO ORDERED this 28th day of October, 2011.


_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE